200 So.2d 587 (1967)
ALLSTATE INSURANCE COMPANY, an Illinois Insurance Corporation Doing Business in Florida, Appellant,
v.
AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, a Pennsylvania Insurance Corporation Doing Business in Florida, Appellee.
No. 66-741.
District Court of Appeal of Florida. Third District.
June 20, 1967.
Rehearing Denied July 13, 1967.
Weinstein & Weissenborn, Miami, for appellant.
Fowler, White, Collins, Gillen, Humkey & Trenam and Henry Burnett, Miami, for appellee.
Before HENDRY, C.J., and PEARSON and SWANN, JJ.
HENDRY, Chief Judge.
Allstate Insurance Company filed a complaint for declaratory decree in which a determination of the respective rights and obligations of Allstate and American Casualty Company of Reading, Pennsylvania, was sought relating to their respective insurance policies affording liability coverage to an owner-lessor, employer-lessee and driver of a tractor-trailer unit involved in an accident. The trial court issued its final decree on rehearing vacating a prior decree and holding Allstate primarily liable under its contract of insurance.
In its decree the lower court found, inter alia, the following:
"The following facts are undisputed and established in the record by either the pleadings, a stipulation entered into by counsel before the Court, or by testimony, and are the material facts involved: (a) Ritter owned the tractor. (b) Allstate issued *588 an automobile liability policy to Ritter. (c) Green Bros. owned a trailer attached to a tractor. (d) American issued an automobile liability policy to Green Bros. (e) Diehl, the employee of Green Bros., operated the motor vehicle (the tractor-trailer combination) with knowledge and consent of employer, Green Bros. (f) Ritter leased the tractor to Green Bros. (g) The rental contract between Ritter and Green Bros. provided for insurance coverage to be afforded both lessor and lessee by Ritter. (h) Ritter was in the business of leasing motor vehicles, including tractors and trailers. (i) Green Bros. was not in the business of transporting property for anyone other than itself. (j) The Allstate coverage was 250/500/100. (k) The American coverage was 100/300/25. (l) Allstate and American agreed that the settlement they entered into was without prejudice to their respective rights. (m) The Allstate policy covered the tractor, and the American policy covered the trailer.
"The issue is whether Allstate or American is primary insurance and the other excess insurance, or whether they share proportionately?
"The Court further finds as follows: (a) That Ritter is responsible to third parties under the Dangerous Instrumentality Doctrine as owner of the involved motor vehicle. (b) That Green Bros. is responsible to third parties under the Respondeat Superior Doctrine as employer of the operator of the motor vehicle. (c) That Diehl is responsible to third parties for his active negligence as operator of the motor vehicle. (d) That both policies afford coverage to Diehl in accord with both of the provisions thereof and the Florida Responsibility Law."
After making its findings of fact, the lower court determined that the general rule appears to be that the insurance with the pro rata clause [Allstate] is primary insurance, and that with the excess clause [American] is excess insurance. It was therefore adjudged that Allstate is primarily liable and has a duty to defend the actions against the insureds or pay any damages therein rendered; and, that American Casualty is only secondarily liable and has no duty to defend the actions or pay any judgments therein rendered up to the limits of the policy of Allstate.
No error has been demonstrated in the trial court's construction of the insurance policies under consideration and the determination of the obligations of the parties thereunder. Bordettsky v. Hertz Corporation, Fla.App. 1965, 171 So.2d 174; Morse Auto Rentals, Inc. v. Lewis, Fla.App. 1964, 161 So.2d 235; Annotations, 76 A.L.R.2d 502.
Therefore, the decree appealed is affirmed.
Affirmed.