HENDRY, Judge.
This is an appeal from a declaratory judgment which determined that the third party plaintiff, Jarrell Van Jordan, was entitled to insurance coverage by the third party defendant, Allstate Insurance Company, as prayed for in his third party complaint. Allstate was ordered to reimburse Federated Mutual Implement & Hardware Insurance Company for the One Thousand, Two Hundred and Fifty Dollar part payment Federated made to the original plaintiff in the settlement of a personal injury action.
The action for personal injuries was brought by Ana Maria and Pedro Mendive against Van Jordan, the driver of an automobile owned by Mrs. C. J. Schumann. Allstate, Schumann’s insurer, and Federated, Van Jordan’s insurer, each contributed One Thousand, Two Hundred and Fifty Dollars and obtained a dismissal of the case. The insurers agreed that the issue between them concerning coverage would be preserved.
The dispute as to coverage arose out of the operation of the automobile and the construction of the provisions of Allstate’s policy covering Schumann. Mrs. Schumann took her automobile to a service station for repairs. After the repairs were made, Van Jordan, an employee of the service station, drove the vehicle for the purpose of delivering it to Schumann. While en route he collided with the Men-dive automobile.
The Mendives first brought suit against Schumann and Van Jordan. Allstate refused to defend Van Jordan. It maintained that its policy excluded coverage while the vehicle was being used in the automobile business. Allstate’s pertinent policy provisions are as follows:

"Definitions of words used under this Part”

íjí ^ ^ ^ ^
“3. Miscellaneous”
jjí íjí sfc >}C iji
“(c) ‘automobile business’ means the business of selling, repairing, servicing, storing or parking of automobiles; and”
jji ‡ ;jí jjt j{;
“Exclusions — what this Part of the policy does not coveP’
“2. an owned automobile while used in an automobile business, but this exclusion does not apply to the named insured, a resident of the same household as the named insured, a partnership in which such named insured or resident is a partner, or any partner, agent or employee of such resident or partnership;”
ífí ijí jfi >{i %
The sole point raised on appeal by Allstate is: whether an automobile voluntarily delivered to its owner by an employee of a service station after repairs were made to the vehicle was being used in the “automobile business” so as to come within the “automobile business” exclusion provision contained in the owner’s policy.
*682 It is our view that delivery of an automobile by a service station operator after servicing does not constitute use of the vehicle in the “automobile business”. Cherot v. United States Fidelity and Guaranty Company, 264 F.2d 767, 71 A.L.R.2d 959 (10th Cir. 1959) and McCree v. Jenning, 55 Wash.2d 725, 349 P.2d 1071 (1960) were apparently the first cases to decide the proper construction of the exclusionary clause in a factual setting close to that of the instant case. Cases in Alabama, California, Louisiana, New Hampshire, New Jersey, Texas, Utah and Washington have construed the terms “used” or “while” in the exclusionary provision narrowly and therefore they have held that the permissive driver is covered under an omnibus insured clause and is not excluded under the “used in automobile business” exclusionary provisions. These cases represent the better view. Apparently, North Carolina and Virginia have reached contrary decisions.
Accordingly, the judgment appealed is affirmed.
Affirmed.