277 So.2d 775 (1973)
The HARTFORD ACCIDENT AND INDEMNITY COMPANY, INC., Petitioner,
v.
LIBERTY MUTUAL INSURANCE CO., INC., a Foreign Corporation, Respondent.
No. 42419.
Supreme Court of Florida.
April 18, 1973.
Rehearing Denied June 11, 1973.
*776 S.O. Carson, of Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for petitioner.
Henry Burnett, of Fowler, White, Humkey, Burnett, Hurley & Banick, Miami, for respondent.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, Fourth District (260 So.2d 895), which allegedly conflicts with a decision of the District Court of Appeal, Third District (Allstate Ins. Co. v. American Casualty Co. of Reading, Pa., 200 So.2d 587 (Fla.App.3d, 1967)), on the same point of law. We have examined the cases and determined that we have jurisdiction pursuant to Fla. Const., art. V, § 3(b)(3), F.S.A.
The facts of the case are that Ryder Truck Rental, Inc., owned a tractor which was insured by respondent Liberty Mutual Insurance Co., Inc. The tractor was then leased to Elberta Crate Company which used the tractor to pull a trailer owned by the company and insured by petitioner, Hartford Accident and Indemnity Company. While the tractor-trailer combination was being driven by an employee of Elberta Crate, an accident occurred which gave rise to the damages involved in the case sub judice. The trial court, after considering the "Other Insurance" clauses of both policies, determined that both Liberty Mutual and Hartford are primary insurers, and that the damages should be prorated between the companies on the basis of the amount of liability assumed by the companies under the policies. The District Court affirmed.
Liability of both companies is not disputed. The issue is which, if either, of the insurance companies is entitled to the role of an excess insurer, with no financial liability until the limits of the other company's policy are reached.
The "Other Insurance" clauses of both policies provide for proration of liability in the event that other insurance exists against the loss. The Liberty Mutual policy then provides:
"[T]he insurance under this policy with respect to loss arising out of the maintenance or use of any hired automobile insured on a cost of hire basis or the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance."
The Hartford policy has a clause, identical to that in the Liberty Mutual policy, except that the word "endorsement" is used in place of the word "policy."
By definition of both policies, a trailer and a tractor are each "automobiles" under the policy. The accident arose out of the use of the tractor-trailer unit, not out of the use of one of the parts thereof. The trailer would have been of no use to Elberta Crate without the addition of the tractor, but likewise, the tractor would have been relatively useless without the trailer. Thus, the accident arose from the use of both an owned and an unowned automobile for both Ryder and Elberta Crate, placing Hartford and Liberty Mutual on an equal footing as regards the excess clauses of the respective policies.
Hartford contends that the courts of this State have considered tractors *777 to be dangerous instrumentalities, but have rejected the dangerous instrumentality doctrine in conjunction with unmotorized trailers. Foster v. Lee, 226 So.2d 282 (Fla.App.2d, 1969). However, the dangerous instrumentality doctrine goes to liability of the master for the acts of the servant. See Fla.Jur., Words and Phrases, 206. It is admitted that Ryder, and thus Liberty Mutual, is liable; the issue is whether or not Ryder and Liberty Mutual are solely, primarily liable. To determine that, the issue is whether or not the excess clauses of the two policies apply. The dangerous instrumentality doctrine is not dispositive of the issue of primary and excess liability.
There are numerous cases in Florida which hold that the owner of an automobile is primarily liable for the results of an accident, even when the automobile has been loaned (Spurgeon v. State Farm Mutual Insurance Company, 169 So.2d 343 (Fla.App.1st, 1964)) or leased. Roth v. Old Republic Insurance Company, 269 So.2d 3 (Fla. 1972).
However, only one such case has involved a tractor-trailer combination with facts similar to the case sub judice. Allstate Ins. Co. v. American Casualty Co. of Reading, Pa., supra. Hartford urges that we adopt the reasoning of the District Court of Appeal, Third District, which determined that the owner of the tractor was primarily liable and the owner of the trailer responsible only for the excess. However, we will not rule that the trailer was a non-owned vehicle as to Elberta Crate in view of the plain wording of the policies.
Faced with identical facts and excess insurance clauses, the Court of Appeals of Maryland held that proration should apply. Ryder Truck Rental, Inc. v. Schapiro & Whitehouse, Inc., 259 Md. 354, 269 A.2d 826 (Ct.App., 1970). In the case, Schapiro & Whitehouse rented a tractor from Ryder, connected it to a trailer owned by them, and their driver was involved in an accident. Although the trial court held that the owner of the tractor and his insurer should be primarily liable with the trailer-owner liable only for the excess, the Maryland Court reasoned:
"We do not agree ... that the identity of the trailer `disappeared' during the time it was attached to the tractor. Both policies define `owned automobile' (which includes `trailer') as `an automobile owned by the named insured.' ... we see no basis for saying that Schapiro's property suddenly became Ryder's property simply because, as it moved over the highway, it was hitched to Ryder's tractor. Neither do we see any basis for saying that `the tractor-trailer unit' was an automobile `owned' by Ryder." 269 A.2d 826, p. 830.
We agree.
Hartford urges that we go beyond the words of the policy to the amounts of the premiums to establish which of the policies is intended as primary and which is intended as excess. In so doing, Hartford relies upon Couch on Insurance, 2d, Vol. 16, 62:46, pp. 498-499, which approves comparison on the premiums paid, where it is not clear which of the policies is intended as primary. In the case sub judice, the plain words of the policies show both policies to be primary, as both cover "owned automobiles" which were in use at the time of the accident. Couch in discussing interpretation of insurance contracts, notes,
"The court is not permitted, under the guise of interpretation, to write a new contract for the parties or do violence to the plain meaning of the language used." Couch on Insurance, 2d, Vol. 1, § 15:10, pp. 656-657.
To look beyond the plain meaning of the words of the policies in the case sub judice would be to violate this principle.
We have considered Hartford's other arguments in regard to the basic issue of the effect of the excess clauses and find them equally without merit.
*778 The other issue before this Court is the manner of determining the liabilities of the two insurance companies under their policies. The Liberty Mutual policy applies limits of $100,000 per person with a total liability of $300,000 per accident for bodily injury and $25,000 for property damage. The Hartford policy has liability limits of $300,000 per person and $500,000 per accident for bodily injury, with $100,000 for property damage. No one disputes that the trial court properly applied these figures in determining the prorations to be utilized. The issue involves Endorsement Serial No. 2 of the Liberty Mutual policy which creates a total maximum liability of $1,000,000 per accident.
The purpose of the endorsement is to limit liability of the company when more than one of Ryder's five policies with Liberty Mutual is involved in a single accident. However, the endorsement specifically provides:
"In the event of an accident, loss, casualty or disaster involving coverage under only one of said policies, the full amount of said limit of liability shall be available for application under such policy."
The trial judge found that there was nothing to indicate that the $1,000,000 coverage was available to Elberta Crate or the driver of the tractor-trailer rig, and refused to apply it to the facts of the case sub judice. On the contrary, there is nothing to indicate that the $1,000,000 should not be applicable. In fact, the endorsement specifically makes the said limit of liability available when there is an accident involving coverage under only one of the policies.
The record does not show definitely how many persons have claims arising out of the accident, nor the total amount of the claims. Therefore, the formula for proration should be determined by the trial judge in accordance with this decision.
Accordingly, the decision of the District Court is approved in part and disapproved in part, and the cause is remanded to the District Court of Appeal with instructions to further remand same to the Circuit Court for further proceedings not inconsistent herewith.
It is so ordered.
ROBERTS, Acting C.J., and ERVIN, BOYD and DREW (Retired), JJ., concur.