288 So.2d 556 (1974)
LIBERTY MUTUAL INSURANCE COMPANY, a Corporation, Appellant,
v.
SENTRY INSURANCE COMPANY, a Corporation (Hardware Mutual Casualty Company), Appellee.
LIBERTY MUTUAL INSURANCE COMPANY, a Corporation, Appellant,
v.
HARDWARE MUTUAL CASUALTY COMPANY, a Foreign Corporation, Appellee.
Nos. 72-1028, 72-1029.
District Court of Appeal of Florida, Second District.
January 16, 1974.
William F. McGowan, Jr., Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellant.
F. Ronald Fraley and Donald A. Gifford, Shackleford, Farrior, Stallings & Evans, Tampa, for appellee.
GRIMES, Judge.
This is an appeal from a judgment determining a complex issue of insurance coverage.
On April 10, 1969, Robert L. Covington and Jerome Warwick, Jr. (plaintiffs) were injured in an accident caused by the operation of a tractor-trailer unit, the tractor portion of which was owned by Ryder Truck Rentals, Inc. (Ryder) and leased to Fashion-Craft Manufacturing Company (Fashion-Craft). At the time of the accident, *557 the Ryder tractor was pulling the Fashion-Craft trailer and was being operated by Fashion-Craft's employee, Edwin Floyd Hibbs (Hibbs) with the permission of Fashion-Craft.
The Ryder tractor had been leased to Fashion-Craft pursuant to a written lease agreement which required Ryder to maintain liability insurance with both Ryder and Fashion-Craft as insureds. Pursuant to the lease agreement, Ryder carried a policy of liability insurance with Liberty Mutual Insurance Company (Liberty) which contained an endorsement providing that any lessee of a Ryder vehicle was a "named insured."
At the time of the accident, there was also in effect a liability policy of Hardware Mutual Casualty Company (Hardware) which was issued to Fashion-Craft and which specifically provided liability coverage for the Fashion-Craft trailer which was involved in the accident.
Plaintiffs sued Ryder, Fashion-Craft and Hibbs for damages. Liability was asserted against Hibbs for active negligence; against Ryder, as owner of the tractor, under the dangerous instrumentality doctrine; and against Fashion-Craft, as employer of Hibbs, under the doctrine of respondeat superior. Liberty assumed the defense but called upon Hardware to acknowledge responsibility to pay a pro rata share of the defense costs incurred and of any judgments which might be entered. Hardware denied coverage and refused to participate in the defense of the plaintiffs' suits. As a consequence, Liberty prosecuted a third-party claim against Hardware seeking a determination of concurrent coverage on the part of Hardware. The lower court concluded that there was no coverage under the Hardware policy and dismissed the claim of Liberty with prejudice. Liberty appeals this judgment.
At the outset, it should be noted that Liberty concedes that its policy provided coverage for the accident. The basic issue is whether Hardware's policy also provided coverage.
Both policies provided coverage for losses arising out of the "ownership, maintenance or use" of "owned automobiles." Likewise, both policies defined "automobile" as a "land motor vehicle, trailer or semi-trailer" and under both policies an "owned" automobile was an automobile owned by the named insured. Liberty contends that the accident arose out of the "use" of both the Ryder tractor and the Fashion-Craft trailer and that while the Liberty policy afforded primary coverage to the employee, Hibbs, because he was using an "owned automobile", the Hardware policy also provided primary coverage to Hibbs because he was also using an "owned automobile" under that policy, to-wit: Fashion-Craft's trailer.
Both policies contained identical "other insurance" clauses in that the insurance afforded was said to be primary except where stated to be excess or contingent. In both policies, the insurance was stated to be excess with respect to hired or non-owned automobiles. Thus, it is evident that both policies provided primary coverage for losses arising out of the use of "owned automobiles."
In many respects, this case is similar to Hartford Accident & Indemnity Co., Inc. v. Liberty Mutual Ins. Co., Inc., Fla. 1973, 277 So.2d 775. In that case, as in this, Ryder owned a tractor which was insured by Liberty. The tractor was leased to Elberta Crate Company which used the tractor to pull a trailer owned by Elberta and insured by Hartford Accident & Indemnity Company. An accident occurred while the tractor-trailer unit was being driven by an employee of Elberta.
The issue before the Supreme Court was which, if either, of the insurance companies was entitled to the role of an excess insurer. The court rejected Hartford's contention that Elberta's trailer became a non-owned vehicle as to Elberta simply because *558 it was hitched to Ryder's tractor. The court said:
"By definition of both policies, a trailer and a tractor are each `automobiles' under the policy. The accident arose out of the use of the tractor-trailer unit, not out of the use of one of the parts thereof. The trailer would have been no use to Elberta Crate without the addition of the tractor, but likewise, the tractor would have been relatively useless without the trailer. Thus, the accident arose from the use of both an owned and an unowned automobile for both Ryder and Elberta Crate, placing Hartford and Liberty Mutual on an equal footing as regards the excess clauses of the respective policies."
The court concluded that both Liberty and Hartford were primary insurers and that the damages should be pro rated between the companies on the basis of the amount of liability assumed by the companies under the policies.
However, Hartford is not fully dispositive of the instant case because in Hartford, the coverage of both insurance companies was conceded. Hardware asserts that we should not reach the question of primary vs. excess coverage because there was no coverage provided under the Hardware policy.
The predicate for Hardware's position is found in the omnibus clause of its policy. Among those defined as an insured in that clause are the named insured and any other person while using an owned automobile or a hired automobile with the permission of the named insured and within the scope of such permission. Thereafter, the following language appears:
"None of the following is an insured.
* * * * * *
(iv) Any person or organization with respect to:
* * * * * *
(2) A trailer while used with any motor vehicle owned or hired by such person or organization and not covered by like insurance in the company."
The lower court held that by reason of the above quoted provisions, neither Fashion-Craft nor Hibbs were insured by Hardware at the time of the accident because the trailer was being used with a tractor hired by Fashion-Craft which was not insured by Hardware.
The lower court erred in its interpretation of this exclusion. According to paragraph (iv)(2), coverage for liability arising out of the use of a trailer is excluded only with regard to those persons or organizations using the trailer with a motor vehicle "owned or hired by such person or organization." The exclusion was effective as to Fashion-Craft because it had hired the tractor. However, the tractor was neither owned nor hired by the driver. Hibbs, having been included within the original definition of an insured, was not excluded from coverage by paragraph (iv)(2). Since Hibbs was the active tortfeasor and was sued by the plaintiffs, he was entitled to coverage under the Hardware policy. At that point, the doctrine of Hartford Accident & Indemnity Co., Inc. v. Liberty Mutual Ins. Co., Inc., supra, comes into play, whereby both carriers are obligated for a pro rata portion of the resulting losses.
In Hardberger and Smylie v. Employer's Mutual Liability Insurance Company of Wisconsin, 444 F.2d 1318 (CA 10 1971), the court considered the language of an exclusion reading the same as paragraph (iv)(2) of the Hardware policy. The case involved an action by the tractor owner (Partners) and the driver (Rabe) against the insurer of the trailer. The lower court held that both plaintiffs were within the exclusion and entered summary judgment against them. In reversing summary judgment *559 against the driver, the Court of Appeals said:
"... The court erred in this respect. Rabe neither owned or hired the tractor which was attached to Jones Construction's trailer. He was not, accordingly, within the exclusionary provisions found applicable to Partners... ."
Our conclusion is buttressed by the fact that the Hardware policy contained a severability clause which reads as follows:
"`Insured' means any person or organization qualifying as an insured in the `Persons Insured' provision of the applicable insurance coverage. The insurance afforded applies separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the company's liability; ..."
In construing such a clause, our sister court in Shelby Mutual Insurance Co. v. Schuitema, Fla.App.4th, 1966, 183 So.2d 571, stated:
"Since the adoption of the severability of interests clause in a policy which would or might apply to several insureds, the term `the insured', as used in the exclusions and conditions of the policy, means only the person claiming coverage... .
* * * * * *
"... The effect of the severability of interests clause is to make it certain that, when a claim is asserted against one who is an insured under the policy, then that person becomes `the insured' for the purpose of determining the insuror's obligations with respect to that claim... ."
The court in Schuitema went on to illustrate the applicability of the severability principle by restating the insuring provisions so as to substitute the name of the person seeking coverage for the words "the insured." Using that same approach in the present case, the exclusion relied upon by Hardware would read:
"None of the following is an insured:
(iv) Edwin Floyd Hibbs ... with respect to:
(2) A trailer while used with any motor vehicle owned or hired by Edwin Floyd Hibbs ... and not covered by like insurance in the company."
Hibbs is clearly not within the exclusion. Thus, Hardware's policy covers the liability arising out of Hibbs' use of an "owned automobile," to-wit: the trailer.
The cases relied upon by Hardware are distinguishable.[1] In both cases the exclusionary clause referred to a trailer when "used with any automobile owned or hired by the insured and not covered by like insurance in the Company." Since both policies defined "insured" to include the driver as well as the named insured, the exclusionary clauses did not require the automobile to be owned or hired by the same insured whose coverage was under consideration for it to be effective. In other words, in those cases the exclusionary provision was not limited to the use of an "automobile owned or hired by such person or organization."[2]
*560 In addition, even if it could be said that the use of the words "owned or hired by such person or organization" in the instant case is equivalent to the use of the words "owned or hired by the insured" in Brady and Pennsylvania, it does not appear that the effect of a severability clause was considered in those cases.
Hardware argues that to hold its policy applicable would thwart the intent of the parties, because Fashion-Craft's tractor lease obligated Ryder to carry liability coverage protecting both Ryder and Fashion-Craft. Hardware overlooks the fact that it was not a party to the lease. Moreover, Ryder lived up to its agreement by obtaining the insurance, and its carrier (Liberty) is not denying coverage. It should be noted that in Allstate Ins. Co. v. American Casualty Co. of Reading, Pa., Fla.App. 1967, 200 So.2d 587, the fact that the tractor lease required the tractor owner to obtain liability insurance for the benefit of the owner and the lessee of the tractor did not dissuade the court from holding that the driver had coverage under both the policy issued to the tractor owner and the policy issued to the trailer owner who was also the employer of the driver.
The most that can be said for Hardware's position is that, as related to Hibbs, its exclusionary clause is susceptible to two interpretations. This doesn't help Hardware, because the provisions of an insurance policy which tend to limit or avoid liability must be strictly construed against the insurer. St. Paul Fire and Marine Ins. Co. v. Icard, Merrill, Cullis & Timm, Fla. App. 1967, 196 So.2d 219.
The judgment is reversed, and the case is remanded for proceedings not inconsistent herewith.
MANN, C.J., and BOARDMAN, J., concur.
NOTES
[1] Brady v. American Insurance Company, 198 So.2d 907 (La. App. 1967); Pennsylvania Th. & F. Mut. Cas. Ins. Co. v. Hartford Acc. & I. Co., 310 F.2d 618 (CA 4 1962).
[2] Brady is further distinguishable because it was not concerned with whether the coverage extended to the driver-employee of the trailer owner in view of the fact that the court concluded that the accident was the sole fault of the trailer owner and not the fault of its driver-employee.