289 So.2d 760 (1974)
MIDWEST MUTUAL INSURANCE COMPANY, Appellant,
v.
FEDERAL INSURANCE COMPANY OF NEW JERSEY et al., Appellees.
No. 73-357.
District Court of Appeal of Florida, Third District.
January 29, 1974.
Rehearing Denied March 6, 1974.
Blackwell, Walker, Gray & Power, Miami, and Mark Hicks, Coral Gables, for appellant.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Miami, and Thomas E. Scott, Jr., Fort Lauderdale, for appellees.
Before PEARSON and HAVERFIELD, JJ., and SPECTOR, SAMUEL, Associate Judge.
PEARSON, Judge.
This is a dispute between two insurance companies as to which of the companies has primary coverage for the personal injuries resulting from an automobile accident. The trial court entered a declaratory judgment in which it found that Midwest Mutual Insurance Company, the appellant here, had the primary coverage to the extent of its policy limits. Midwest Mutual insured the operation of a business known as Auto Driveaway Company. The automobile with which we are concerned was delivered by its owner to the Driveaway Company to be driven from Miami Beach to New Jersey. The collision out of which this litigation arose occurred in North Carolina. The appellee, Federal Insurance Company of New Jersey, is the insurer of the owner of the automobile.
Appellant agrees that the trial judge's decision is correct if the trial judge's interpretation of exclusionary language contained in appellee's policy is correct. The trial judge held that the following exclusion in the policy applied, thus relieving *761 Federal Insurance Company from primary liability:
"Exclusions: This policy does not apply under Part I:
* * * * * *
"(g) to an owned automobile while used by any person while such person is employed or otherwise engaged in the automobile business, but this exclusion does not apply to the named insured ... agent or employee of the named insured ...". (Emphasis supplied)
* * * * * *
Appellant points out that Federal's policy defines "automobile business" as "... the business or occupation of selling, repairing, servicing, storing or parking automobiles". It is urged that this language does not include transporting automobiles. In addition, it is pointed out that this court has held that a virtually identical exclusionary clause was not effective in a case where an automobile was being driven from one place to another. See Allstate Insurance Company v. Van Jordan, Fla. App. 1972, 266 So.2d 680. In Allstate, the owner of an automobile delivered it to a service station for repairs. After the repairs were completed, an employee of the service station drove the vehicle for the purpose of delivering it to the owner. While en route, he collided with the plaintiff's automobile. The owner's insurer and the employee's insurer each contributed to the settlement of the case pursuant to an agreement that the issue between them concerning coverage would be preserved. A declaratory action was subsequently filed, and it was determined that the owner's insurer, Allstate, must supply coverage. Allstate appealed on the ground that its policy excluded coverage while the vehicle was being used in the "automobile business". We held that delivery of an automobile by a service station operator after servicing did not constitute use of the vehicle in the "automobile business". We followed similar decisions in other jurisdictions, relying particularly upon Cherot v. United States Fidelity and Guaranty Company, 264 F.2d 767 (10th Cir.1959), and McCree v. Jenning, 55 Wash.2d 725, 349 P.2d 1071 (1960).
In Cherot, the owner of the car had left the car for repairs and the court in determining liability held that the car was not being used in the "automobile business" as provided in the insurance policy exclusionary clauses. One of the distinguishing facts in the case was that the repairman was doing the repair work as a favor and made no charges for his labor. The court, in reaching its conclusion, stated:
* * * * * *
"... it must be assumed that the word automobile `business' as used in the exclusionary clause means business in the ordinary accepted sense  that is an undertaking engaged in with some regularity and for profit and income."
* * * * * *
In the case at bar, the Auto Driveaway Company was in the business of transporting cars. There is no doubt that it was a business and since it was exclusively concerned with automobiles it appears to us that it is an "automobile business". Cf. Hodapp v. Shelby Mutual Insurance Company, Fla.App. 1964, 166 So.2d 772.
Therefore, we conclude that the trial court correctly determined that this cause was not governed by Allstate Insurance Company v. Van Jordan, supra, but was an instance where the exclusionary clause "... while used by any person while such person is employed or otherwise engaged in the automobile business" applied.
Affirmed.