OWEN, Chief Judge.
Essentially, this suit is between two automobile liability insurance carriers to determine the extent of coverage, if any, provided under the policy issued by appel-lee to the owner of the automobile. Concisely stated, the primary question is whether the automobile was “used by a person in the automobile business” within an exclusion in the owner’s policy; if coverage was not thus excluded, there is also presented the question of whether the coverage under the owner’s policy is primary.
*480 Appellee-Demshar insured his 1966 Pontiac automobile under a liability insurance policy issued by Appellee-Liberty Mutual Fire Insurance Company. That policy excluded liability coverage when the automobile was used by any person employed or otherwise engaged in the automobile business.
Appellant was in the business of transporting automobiles. Mr. Demshar contracted with appellant to have his automobile transported from south Florida to Ohio. A part of the contract price was for liability insurance furnished by the Aetna Casualty & Surety Company whose policy expressly provided liability coverage “with respect to any automobile while being delivered to a specific location” by appellant.
In furtherance of the contract, appellant employed one Snyder for the purpose of driving the car to Ohio. Before getting out of Broward County Snyder had negligently operated the vehicle so as to cause bodily injury and property damage to others. Aetna settled these claims under its policy. The present suit was filed by appellant for the use and benefit of Aetna to recover the amount of the settlement plus costs and attorneys fees.
We turn first to the question of whether Mr. Demshar’s automobile was being used in an automobile business within the meaning of the exclusion. The case of Midwest Mutual Insurance Company v. Federal Insurance Company of New Jersey, Fla.App. 1974, 289 So.2d 760, involved an identically worded policy as here. There the court, reasoning that the business of transporting automobiles was a “business”, exclusively concerned with “automobiles”, held it was an “automobile business” within the meaning of the exclusion.
With due deference to our sister court, we disagree with the conclusion reached in the cited case for a simple but cogent reason. The policy issued by appel-lee, Liberty Mutual Fire Insurance Company, (as did the policy in the Midwest Mutual case, supra) defined “automobile business” as meaning “the business or occupation of selling, repairing, servicing, storing or parking automobiles.” Exclusionary clauses in liability insurance policies are always strictly construed. Liberty Mutual undertook to state with specificity which activities only were included within its definition of “automobile business”. Transporting automobiles is simply not included within such definition. The exclusion was not applicable in this case.
The policy issued by Aetna Casualty & Surety Company and the policy issued by Liberty Mutual Fire Insurance Company each contained a standard “other insurance” clause which, in essence and simply stated, provided that the coverage of the policy would be pro rata with any other valid and collectible insurance where the loss arose out of the use of an owned vehicle, but would be excess insurance over any other valid and collectible insurance where the loss arose out of the use of a non-owned vehicle. The loss here arose out of the use of Mr. Demshar’s 1966 Pontiac automobile, an owned vehicle under the Liberty Mutual policy, but a non-owned vehicle under the Aetna Casualty & Surety Company policy. Thus, under the terms of the respective policies, the pro rata clause applied under the Liberty Mutual policy and the excess clause applied under the Aetna Casualty & Surety policy.
Where two separate insurance policies cover a particular loss and each contains “other insurance” clauses which purport to restrict or limit liability, if one of the policies contains a “pro rata” clause and the other contains an “excess insurance” clause, effect is given to the latter clause. Allstate Insurance Company v. American Casualty Company of Reading, Pa., Fla. App.1967, 200 So.2d 587; 8 Appleman, Insurance Law and Practice, § 4914 (1962); 18A Fla.Jur., Insurance, § 941; Annot., 76 ALR2d 502 (1961). In this case and on these facts, the policy of appellee, Liberty Mutual Fire Insurance Company, provided *481 primary coverage and the policy issued by Aetna Casualty & Surety Company provided excess coverage.
The judgment is reversed and this cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
MAGER and DOWNEY, JJ., concur.