WALDEN, Chief Judge.
The facts in this case are fully explained in a prior appellate appearance of this case: Hartford Accident and Indemnity Co., Inc. v. Liberty Mutual Ins. Co., Inc., 277 So.2d 775 (Fla.1973):
“ . . . Ryder Truck Rental, Inc., owned a tractor which was insured by respondent Liberty Mutual Insurance Co., Inc. The tractor was then leased to Elberta Crate Company which used the tractor to pull a trailer owned by the company and insured by petitioner, Hartford Accident and Indemnity Company. While the tractor-trailer combination was being driven by an employee of El-berta Crate, an accident occurred which *144 gave rise to the damages involved in the case . . . Id. at 776.
The Supreme Court reversed this court’s pro-ration of the liabilities of each insurance company, and the case was remanded by us to the Circuit Court to determine the formula for pro-ration of the liabilities of each carrier in accord with the Supreme Court’s opinion. The Supreme Court specifically held that both insurance policies were primary, and that the $1,000,000 liability limit of an endorsement to the Liberty Mutual policy was available to be taken into consideration when pro-rating the insurance proceeds:
“ . . . The trial judge found that there was nothing to indicate that the $1,000,000 coverage was available to El-berta Crate or the driver of the tractor-trailer rig, and refused to apply it to the facts of the case sub judice. On the contrary, there is nothing to indicate that the $1,000,000 should not be applicable. In fact, the endorsement specifically makes the said limit of liability available when there is an accident involving coverage under only one of the policies.” Id. at 778. (Emphasis supplied.)
The case was remanded because the Supreme Court record did not contain information as to the total amount of claims arising out of the accident. Upon remand, the parties stipulated the total amount of claims to be $41,481.25. The trial court interpreted the emphasized language to mean that the $1,000,000 limit should be applicable only as excess coverage and only be available, therefore, if the combined claims should be greater than the combined primary coverage of the insureds ($400,-000/$800,000/$25,000).[1] As that was not the case, the trial court prorated the coverage per individual by Liberty Mutual of $100,000 and the coverage per individual by Hartford Accident of $300,000 to result in a one-fourth liability for Liberty Mutual and three-fourths liability for Hartford Accident. We reverse. The Supreme Court opinion holds the $1,000,000 coverage is applicable. The sentence:
‘‘[0]n the contrary there is nothing to indicate that the $1,000,000 should not be applicable”,
clearly states that there are no considerations that would negate applicability of the $1,000,000. Although the Supreme Court did not have the figures present in the record, it did not state that the amount of damages would affect what coverage would apply, and in fact held that nothing would prevent the $1,000,000 limit from being applicable. As a result it is the law of the case that Liberty Mutual’s $1,000,000 coverage is to be included in prorating the respective liabilities of the two insurance companies. Hartford’s limit was found to be $300,000, see Hartford Accident and Indemnity Co., Inc. v. Liberty Mutual Ins. Co., Inc., supra, and Liberty Mutual’s limit is $1,000,000 per law of the case as discussed. The proration formula would pattern as follows :
Total Coverage — $1,300,000
Hartford's coverage of $300,000 =23.08%
Liberty Mutual's coverage of $1,000,000 =76.92%
Total of Claims — $41,481.25
Hartford's share at 23.08% =$ 9,573.87
Liberty Mutual's share at 76.92% =$31,907.38
Reversed and remanded for proceedings consistent herewith.
CROSS, J, and LEE, THOMAS J., Associate Judge, concur.

. Liberty Mutual coverage:
$100,000/3300,000/$25,000
Hartford Accident coverage:
$300,000/$500,000/$100,000