ENGLAND, Justice.
By petition for a writ of certiorari to the Third District Court of Appeal, petitioner has asked that we review a decision of that court which is reported at 293 So. 2d 738. Certiorari was tentatively granted based on an apparent conflict between the decision below and both National Indemnity Co. v. Corbo, 248 So.2d 238 (3d DCA Fla.1971) and Allstate Insurance Co. v. Van Jordan, 266 So.2d 680 (3d DCA Fla.1972).
The Florida Constitution limits our review in cases such as this to those creating a “direct” conflict with prior appellate decisions. Nielsen v. Sarasota, 117 So.2d 731 (Fla.1960).
In both National and Allstate the district courts passed on a legal aspect of the “use” of an automobile for insurance coverage purposes. In National the court held that the injury which generated the litigation arose from the use of the owner’s automobile, thereby necessitating the insurance company’s defense of litigation against the owner-insured. In Allstate the court held that the vehicle’s use was not excluded under the terms of the policy, thereby also necessitating the insurance company’s defense of litigation against the owner-insured’s permitted user. This case does not involve the “use” of an automobile in any way.
A jury in this case found that a restaurant should be held responsible for damages arising out of its negligent maintenance of its premises. The district court affirmed that determination. Neither found that the restaurant was responsible, directly or vicariously, as a result of its, or its parking attendant’s, “use” of an automobile. There being no conflict in decisions, the writ is discharged.
ROBERTS, OVERTON and SUND-BERG, JJ., and LEE, Circuit Judge, concur.
ADKINS, C. J., and BOYD, J., dissent.