FRANK, RICHARD H., Associate Judge.
Gregory Michaelian, the owner of an automobile restoration business, initiated a declaratory judgment action seeking a determination of whether his personal, non-business related automobile policy procured from State Farm Mutual Insurance Company provided coverage for an accident which occurred when he was driving a customer’s car. Michaelian and State Farm each sought entry of a summary judgment. A final summary judgment was entered in favor of Michaelian, and State Farm timely appealed. We have concluded from our consideration of this matter that the trial court was in error and we reverse with direction that it enter a final summary judgment for State Farm.
The undisputed factual setting discloses that Dr. Macmillan left his 1964 Mustang convertible with Michaelian to be refurbished. Michaelian, after completing the work, was driving the car from his shop to his home when the accident occurred. His explanation for using the car was that:
(1) He had permission from Dr. Macmillan to test drive the vehicle;
(2) He was taking the car to a gas station for gasoline;
(3) He needed a ride home;
(4) The absence of adequate storage space at his garage required that he take the ear home for protection from vandalism.
Dr. Macmillan’s insurance carrier declined coverage and Michaelian, contrary to his belief that he had a business liability policy with Allstate, learned that he had no policy in effect. Thus, faced with a claim from the owner of the car he had struck from the rear, Michaelian sought coverage from State Farm. The State Farm policy contains an exclusionary provision which states that, “[tjhere is no coverage for non-owned cars ... [w]hile [they are] being repaired, serviced or used by any person while that person is working in any car business_” We can lay aside any question of whether Michaelian was engaged in a “car business.” During his deposition he conceded that he was.
We begin our analysis of this matter with an observation that strikes us as un-controvertible: the State Farm policy was neither intended nor designed to protect Michaelian in the very circumstance that arose. Nonetheless, in determining to grant Michaelian’s motion for summary judgment, the trial court found that Allstate Insurance Company v. Van Jordan, 266 So.2d 680 (Fla. 3d DCA 1972), cert. denied, 273 So.2d 765 (Fla.1973), supported the inapplicability of the State Farm policy’s exclusionary language. In spite of the faint, factual similarity between Van Jordan and the matter at hand, i.e., the operation of an automobile by a person other than the owner, the critical defect in the trial court’s assessment of this matter stems from an apparent failure to observe the significant difference between the contractual language in Van Jordan and that contained in Michaelian’s policy. The exclusionary provision in Van Jordan was limited to “an owned automobile while used in an automobile business.” The Van Jordan court viewed those words as not insu *334 lating the automobile owner’s carrier from coverage for an accident which occurred at the time a service station operator was returning the car to the owner. Although it is not expressly evident from Van Jordan, we believe the third district perceived the policy’s reference to “while used in an automobile business” incapable of excluding coverage save in the circumstance where the automobile is integrated into and is a functional component of a commercial venture. That conclusion follows from the third district’s reliance in Van Jordan on language extracted from Cherot v. United States Fidelity and Guaranty Company, 264 F.2d 767, 769 (10th Cir.1959):
the word automobile ‘business’ as used in the exclusionary clause means business in the ordinary accepted sense — that is an undertaking engaged in with some regularity and for profit and income.
The Van Jordan court adopted the extremely narrow literal stricture expressed in Cherot through which the exclusion of coverage would not pass. The Van Jordan view, however, seems to have lost its vitality after the insurance industry revised the exclusionary language to escape liability arising from the bailment of ears to garagemen. See, e.g., Schaffer v. Government Employees Insurance Company, 280 So.2d 504 (Fla. 2d DCA), cert. denied, 285 So.2d 23 (Fla.1973).
In short, Michaelian’s admission that he was “working in the car business” leaves only the question of whether he fits within the meaning of “any person” who “used” Dr. Macmillan’s car “while that person is working in any car business.” We find that Michaelian was such a person and his explanations for using the car on the occasion of the accident fail to overcome the State Farm policy’s exclusionary language.
Accordingly, we vacate the final summary judgment entered in favor of Michaelian and remand this matter for further proceedings consistent with this opinion.
DOWNEY and DELL, JJ., concur.