REVISED OPINION

COPE, Judge.
On consideration of appellants’ motion for rehearing, we withdraw the opinion dated September 21, 1993, and substitute the following opinion:
State Automobile Mutual Insurance Company (“State Auto”) and H.E.S. Sludge Management Systems, Inc., appeal an adverse summary final judgment on insurance coverage. We reverse.
Ryder Truck Rental, Inc., owned a truck tractor which it leased to H.E.S. H.E.S. used the tractor to pull semi-trailers which H.E.S. owned. The tractor was driven by an H.E.S. employee.
In 1983 the tractor trailer rig was in a collision with Phillip and Angela Simms. At the time of the accident the driver had extended the trailer portion of the rig into the roadway and the Simms collided with it. The Simms brought a personal injury claim and a property damage claim against Ryder and the H.E.S. employee, which Ryder settled for $98,000.
Under the lease agreement, Ryder was responsible for providing the primary insurance coverage on the tractor. Ryder procured coverage through a policy issued by Old Republic Insurance Company. H.E.S. had liability coverage for the semi-trailer through a policy issued by State Auto.
Ryder brought suit against State Auto and H.E.S., contending that the defendants were obliged to provide liability coverage for the settlement. The trial court ruled in Ryder’s favor, and this appeal followed.
The question before us is whether the Old Republic tractor policy should be treated as primary and the State Auto policy as excess, or whether the two insurance policies must afford coverage on a pro rata basis.[1]
One commentator has stated:
The doctrines of dangerous instrumentality and respondeat superior, as well as lease agreements and insurance contracts, can create extraordinarily complicated coverage problems for semitrailer-tractor units. It generally is expected that the primary coverage on the tractor and the primary coverage on, the trailer will provide pro rata coverage. Each case, however, should be considered carefully in light of its own facts, insurance contracts, and lease agreements.
The Florida Bar, Florida Automobile Insurance Law § 6.26, at 6-23 (2d ed. 1991).
In the present case the Old Republic policy provides primary coverage for the tractor. Owing to an escape clause, the Old Republic policy does not afford coverage for the H.E.S.-owned semi-trailer under the circumstances of this ease.[2]
The State Auto policy provides coverage for the semi-trailer. The policy provides, in part:
OTHER INSURANCE.
*1328 1. For any covered anto you own this policy provides primary insurance. For any covered auto you don’t own, the insurance provided by this policy is excess over any other collectible insurance. However, while a covered auto which is a trailer is connected to another vehicle the liability coverage this policy provides for the trailer
a. Is excess while it is connected to a motor vehicle you don’t own.
b. Is primary while it is connected to a covered auto you own.
(Emphasis added).
While the State Auto policy contemplates that its liability coverage for the semitrailer will be excess while the trailer is attached to the leased tractor, there is no other underlying coverage for the semi-trailer. Accordingly, the State Auto policy must be accessed to provide coverage for the trailer, in essence reclassifying the coverage from secondary to primary.
In our view this case is controlled by Hartford Accident & Indemnity Co. v. Liberty Mutual Insurance Co., 277 So.2d 775 (Fla.1973). The court there noted that “the owner of an automobile is primarily liable for the results of an accident, even when the automobile has been loaned ... or leased.” Id. at 777 (citations omitted). Where the tractor and trader are being operated as a unit, there are two owners; the semi-trailer does not become the property of Ryder merely because it is attached to Ryder’s tractor. See id. The court held that proration should apply. Id.
Similarly, in the present case the tractor policy and the trailer policy must each provide primary coverage for their respective portions of the tractor-trailer rig. Proration is in order in the present case as well.
State Auto argues that it is entitled to have its policy treated as providing solely excess coverage and thus to be exonerated entirely. In support of that proposition State Auto relies heavily on Allstate Insurance Co. v. American Casualty Co., 200 So.2d 587 (Fla. 3d DCA 1967). The rule announced in that case was, however, analyzed in the Hartford decision and the Florida Supreme Court declined to follow Allstate. The reasoning of the Hartford case leads us to the conclusion that proration is required in the present case.
State Auto also relies on Crabtree v. Hertz Corp., 461 So.2d 981 (Fla. 1st DCA 1984). In that case, however, the Hertz truck rental agreement stated that the tractor coverage “is primary as respects any other insurance available to customer_” Id. at 982 (emphasis omitted). This was construed as reflecting the parties’ intent to have Hertz provide primary coverage for the entire tractor-trailer rig, with the semi-trailer policy providing excess coverage only. No comparable language exists in the Ryder rental agreement.
Both insurance policies provide that in the event of proration, proration will be accomplished in ratio to the liability limits. Since the two policies have the same liability limits, proration shall occur on an equal basis.
Ryder has appealed the trial court’s denial of attorney’s fees. We agree with the trial court that Ryder is not an insured for purposes of section 627.428, Florida Statutes (1991).
As to the summary final judgment, the judgment is reversed and the cause remanded for further proceedings consistent herewith. As to Ryder’s appeal, the judgment is affirmed.
Affirmed in part, reversed in part, and remanded.

. Ryder has partially confessed error on this appeal. Ryder now concedes that there is no theory on which the State Auto policy must bear one hundred percent of the responsibility.

. The Old Republic policy provides coverage to a lessee-owned trailer when attached to the leased tractor, “however, such insurance shall not apply if there is other coverage applicable to the trailer and available to the lessee/renter." (Emphasis in original). Since there is other coverage applicable to the trailer and available to the lessee, i.e., through the State Auto policy, there is no Old Republic coverage for the semi-trailer. See Maryland Casualty Co. v. Reliance Insurance Co., 478 So.2d 1068, 1070-71 (Fla.1985).