SHAHOOD, J.
This is an appeal by United States Fire Insurance Company (U.S.Fire) from a Final Summary Judgment entered in favor of appellee, Transportation Casualty Insurance Company (Transportation Casualty) and from an Order of Partial Summary Judgment regarding pro-rata liability. We affirm the Order of Partial Summary Judgment regarding pro-rata liability, but we reverse and remand the Final Summary Judgment holding that a material issue of fact remains thereby precluding entry of such judgment.
On October 20, 1994, David Allen Bro-derick was killed in a motor vehicle accident when his vehicle collided with a tractor trailer owned by Socrates Solorzano and operated by Marco Cordero, while it was hauling a trailer owned by Talisman Sugar Corporation. In December 1994, Cindy Broderick, as personal representative of the Estate of David Allen Broder-ick, brought a wrongful death action against Talisman Sugar, Socrates Solorza-no and Marco Cordero.
In effect at the time of the accident was a Commercial Lines Insurance policy issued by Transportation Casualty to Socrates Solorzano. Also in effect at the time of accident was a Business Auto Insurance policy issued by United States Fire to Talisman Sugar.
A dispute arose between the two insurance carriers as to the priorities of insurance coverage for the motor vehicle accident and the obligation of Lability defense resulting from the lawsuit instituted by Broderick’s estate. As a result, Transportation Casualty brought an action for declaratory relief against U.S. Fire. In its complaint, Transportation Casualty alleged *405 that its insurance policy provided liability insurance coverage for the tractor owned by Solorzano and for the trailer owned by Talisman Sugar as “covered autos” and that the insurance policy issued by U.S. Fire provided liability insurance coverage for the trailer owned by Talisman Sugar and for the tractor owned by Solorzano as “covered autos.” Further, Transportation Casualty alleged that its policy and U.S. Fire’s policy provided liability insurance coverage to Solorzano, Cordero and Talisman Sugar for the accident.
Transportation Casualty claimed that since each insurance policy provided primary insurance coverage for the tractor trailer accident, both insurers should provide primary insurance coverage and liability defense obligations to Talisman Sugar, Solorzano and Cordero. Further, by virtue of the “Other Insurance” clauses within the policies, the insurers should provide pro-rated insurance coverage and defense to Talisman Sugar, Solorzano and Cordero. As such, Transportation Casualty sought a declaration that Talisman Sugar, Solorzano and Cordero were covered by both policies, that the vehicles owned by Talisman Sugar and Solorzano were “covered autos” under both policies-and that each insurer was responsible on a pro-rated basis for liability insurance coverage and defense obligations.
Thereafter, Transportation Casualty moved for Final Summary Judgment. The trial court granted partial summary judgment ruling that Transportation Casualty and U.S. Fire should provide pro-rata liability insurance coverage to Solorzano, Cordero and Talisman Sugar for the October 20, 1994 accident resulting in the lawsuit commenced by Broderick’s estate based on Hartford Accident and Indemnity Co. v. Liberty Mutual Insurance Co., 277 So.2d 775 (Fla.1973) and State Automobile Mutual Insurance Co. v. Ryder Truck Rental, Inc., 627 So.2d 1326 (Fla. 3d DCA 1993), review denied, 639 So.2d 981 (Fla.1994). Further, the court held that both insurers had a duty to defend Solor-zano, Cordero and Talisman Sugar on a pro-rata basis.
Transportation Casualty then moved for summary judgment regarding the ratio on which insurance coverage would be prorated between the insurers. In entering summary judgment, the trial court ordered Transportation Casualty to provide primary liability insurance coverage to Solor-zano, Cordero, and Talisman Sugar in the amount of $300,000, and U.S. Fire to provide primary liability coverage to the three in the amount of $1,000,000. Further, the court ordered Transportation Casualty to provide excess liability insurance coverage to the three in the amount of $700,000. Thus, U.S. Fire would be responsible for primary liability insurance coverage in the amount of 10/13ths up to $1,300,000 and Transportation Casualty would be responsible for primary liability insurance coverage in the amount of 3/13ths up to $1,300,-000. The court further ordered that U.S. Fire would be responsible for 10/13ths of the total cost of defending the three parties and that Transportation Casualty would be responsible for 3/13ths. Transportation Casualty was also ordered to provide excess insurance coverage to the three parties for any liability over $1,300,-000 up to its insurance policy limits of $700,000.
We hold that the trial court correctly determined in a partial summary judgment that both carriers should provide pro-rata primary insurance coverage, and that they had a duty to defend the three defendants on a pro-rata basis. In so holding, however, we are compelled to reverse the Final Summary Judgment since issues of fact remain as to the appropriate percentage of pro-rata liability assigned to each carrier.
U.S. Fire argues that the trial court erred in entering summary judgment in favor of Transportation Casualty by finding that U.S. Fire was responsible for 10/13ths of the primary liability insurance coverage. Specifically, it maintains that there is a factual dispute as to the figures *406 used by the court in calculating the percentages of liability. It claims that this matter must be remanded for a trial regarding the amount of coverage provided by Transportation Casualty at the time of the October 20 accident. We agree.
U.S. Fire suggests that Transportation Casualty retroactively attempted to lower policy limits from $1,000,000 to $300,000 after the accident. In the deposition of insurance agent Teresa Harville, she stated that Solorzano’s Transportation Casualty policy was written on October 10, 1994 for $1,000,000. The record reflects that on such date, Solorzano signed a Transportation Casualty commercial insurance application form requesting bodily injury and property liability combined single limits of coverage of $1,000,000. The application was bound at 12:01 on October 13, 1994 for a six-month period at a premium of $3,653.
On October 11,1994, Insurance Services, Inc. issued a typewritten binder for $1,000,000 combined single limits liability insurance insuring “a $1,000 CSL ... ’78 Mack tractor # 10323 & any unspecified trailer while singularly attached to an insured power unit hauling sugar cane exclusively for Talisman Sugar Corp.” The binder in the insurance agent’s file was date stamped “Received Oct 17 1994.”
In her deposition, Ms. Harville claimed that after the policy was written, Transportation Casualty changed the policy limits from $1,000,000 to $300,000 combined single limits. The agent’s file contained a memorandum from the agent to Insurances Services dated November 9, 1994, after the October 20 accident, which states “Please amend limits to read 300,000 CSL. as of 11-9-94 and reinstate policy.”
Thereafter, a second typewritten binder dated October 11, 1994 stated: “300 CSL ... on a ’78 Mack Tractor # 10323 & any unspecified trailer while singularly attached to an insured power unit hauling sugar exclusively for Talisman Sugar Corp..” The policy premium was $2,825. This binder was date stamped November 1, 1994. On October 28, 1994, Insurance Services issued a binder for an excess automobile liability policy specifying: “Excess auto liability: $700,000. CSL over $300,000. CSL through Transportation Casualty TA01051798. Excess to follow primary. Hauling sugar cane exclusively for Talisman Sugar.”
This deposition testimony along with its attachments creates a material question of fact as to whether Transportation Casualty attempted to retroactively change the policy limits in effect at the time of the October 20, 1994 accident. Therefore, Final Summary Judgment assessing percentages of pro-rata liability coverage and defense coverage was improper.
We accordingly reverse and remand for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
TAYLOR, J., and ROTHSCHILD, RONALD J., Associate Judge, concur.