ALLEN, C.J.
In these consolidated cases the appellant challenges three separate orders addressing an issue of liability insurance coverage as between two policies, and by which it was determined that both policies provide primary coverage. We conclude that a proper construction of the policies yields the primary coverage under the appellee Transportation Casualty policy only, with the appellant’s policy providing excess coverage.
Civil actions were filed below in connection with an automobile accident involving a tractor-trailer, with allegations of resulting damage to other vehicles, individuals, and property. The tractor unit was owned and operated by a driver with insurance provided under a policy with Transportation Casualty. The trailer unit was owned *49 by the appellant with insurance under another policy. Each of the policies covered both the tractor and the trailer, and the appellant was entitled to coverage under the Transportation Casualty policy. Each of the policies has an “other insurance” clause specifying that:
For any covered “auto” you own, this Coverage Form provides primary insurance. For any covered “auto” you don’t own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered “auto” which is a “trailer” is connected to another vehicle, the Liability Coverage this Coverage Form provides for the “trailer” is:
(1) Excess while it is connected to a motor vehicle you do not own.
(2) Primary while it is connected to a covered “auto” you own.
In light of the respective ownerships of the tractor and trailer, the “other insurance” clauses in the two policies thus provide for primary coverage under the Transportation Casualty policy and excess coverage under the appellant’s policy as to both the tractor and the trailer.
In treating both policies as providing primary coverage, the trial court relied on Liberty Mutual Insurance v. Sentry Insurance, 288 So.2d 556 (Fla. 2d DCA 1974). Although Liberty Mutual would approve of multiple primary coverages in appropriate circumstances, the case did not address coverage under an “other insurance” clause like the one in the present situation. The plain wording and meaning of the policies involved in the present case control the resolution of this case. See Hartford Accident and Indemnity v. Liberty Mutual Insurance, 277 So.2d 775 (Fla.1973).
The appealed orders are reversed and the cases are remanded.
BOOTH and BENTON, JJ., concur.